IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

OMAR LEYVA-RUIZ                                                PETITIONER

V.                          CIVIL ACTION NO. 5:18-cv-31-DCB-MTP

WARDEN STEPHEN D. JULIAN                                       RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 12], to which no objections have been filed. Having carefully reviewed said report, the Court finds it to be well taken and hereby adopts it as the findings and conclusions of this Court.

Petitioner is requesting a transfer to another correctional facility through a Writ of Habeas Corpus. However, Petitioner's request should have been pursued in an 18 U.S.C. § 1983 action. Therefore, Magistrate Judge Parker has found that the Petitioner cannot pursue his claim through a Writ of Habeas Corpus and, accordingly, recommends that Petitioner's motion pursuant to 28 U.S.C § 2241 should be dismissed with prejudice.

When an action challenges the fact or duration of an inmate's confinement, it is a Habeas Corpus matter. Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983). Challenges regarding conditions of confinement are properly pursued as civil rights challenges under Section 1983 or Bivens v. Six Unknown Named Agents of the Fed.

1

Bureau of Narcotics, 403 U.S. 388 (1971). See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't., 37 F.3d 166, 168 (5th Cir. 1994). The Fifth Circuit has "adopted a simple, bright-line rule" in deciding whether an action should be brought as a Writ of Habeas Corpus or as a Section 1983 action. Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997). If "a favorable determination of an inmate's claim would not automatically entitle the inmate to accelerated release, the proper vehicle is a Section 1983 suit." Id.

As stated by Magistrate Judge Parker, the Petitioner "is seeking a transfer to another facility where he may be eligible for entry into programs that could reduce his sentence." "Prisoners who raise constitutional challenges to other prison decisions – including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, e.g., conditions of confinement, must proceed under section 1983 or Bivens." Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir. 2001). The proper vehicle for raising Petitioner's claim would be a civil rights suit.

Magistrate Judge Parker further states that "because Petitioner does not meet the bright-line test established by the Fifth Circuit – that a favorable determination will automatically entitle him to accelerated release – Petitioner cannot pursue his claim [for a Writ of Habeas Corpus]. Thus, the Court may dismiss this Habeas action without further analysis." The Court finds

Magistrate Judge Parker's Report and Recommendation to be well taken.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Parker's Report and Recommendation [ECF No. 12] is ADOPTED as the findings and conclusion of this Court. It is further ordered THAT THE PETITION FOR WRIT OF HABEAS CORPUS [ECF NO. 12] is dismissed with prejudice. A final judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 16th day of June, 2020.

/S/ David Bramlette

UNITED STATES DISTRICT JUDGE